IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**CASSANDRE RILEY**                                                                 **PLAINTIFF**

vs.                             Case No. 4:16-cv-3456

**APOLLO HEALTHCARE AT SUGARLAND LP**                            **DEFENDANT**

### ORIGINAL COMPLAINT UNDER THE FLSA SECTION 216(B)

COMES NOW Plaintiff Cassandre Riley, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Apollo Healthcare at Sugarland LP, for failure to pay overtime wages under the Fair Labor Standards Act (FLSA), and in support thereof, she does hereby state as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Casandre Riley (hereinafter "Plaintiff"), is a resident of Sugarland, Texas, and at all times material was and is currently an employee of Defendant since on or about October of 2015.

2. Plaintiff is employed as a staffing coordinator.

3. Defendant Apollo Healthcare at Sugarland, LP (hereinafter "Defendant"), is a for profit corporation organized and existing under the laws of Texas, with its principal place of business located at 1803 Wescott Avenue, Sugarland, Texas 77479.

4. At all times material hereto, Defendant owned and operated and conducted continuous business as nursing home and rehab facility.

5. Defendant may be served through its registered agent as follows:

Steward, Strong, Dugger, Dean Kulwicki, Johnson, 1701 North Market Street, Suite 200, Dallas, Texas 75202.

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C §§ 1331 because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C. §207 (hereinafter the "FLSA").

7. Venue is appropriate here in the Houston division of the Sothern District of Texas pursuant to 28 U.S.C. §1391(b) because the Defendant is located in Sugarland, Texas, within this District.

8. Furthermore, the acts complained of occurred in Sugarland, Texas, as they took place at Defendant's facility.

9. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

10. This is an action for violations of the Fair Labor Standards Act (hereinafter "FLSA").

11. From about March of 2016 Plaintiff worked as a staffing coordinator.

12. Throughout Plaintiff's employment with Defendant as a staffing coordinator, she routinely worked in excess of forty (40) hours per week, for which she was not compensated at rates of one and one half times her regular rate of pay.

13. Plaintiff complained to management about working in excess of 40 hours, but was mislead to believe she would be paid for the overtime hours and later her requests were intentionally ignored by management.

14. After complaining about not being paid for the overtime hours, as a non-exempt hourly paid employee, Defendant then re-classified her as a salaried, exempt

employee.

15. The position did not and does not meet or satisfy any exemptions under the FLSA and upon information and belief, Defendant reclassified her to exempt status simply to reduce labor costs and avoid paying the overtime wages she was seeking.

16. Further Defendant had represented to Plaintiff that she would be paid for the overtime hours but never was.

17. Plaintiff was required as part of her position to make and receive telephone calls after her normal shift and business hours, causing her to incur off-site overtime hours routinely.

18. Plaintiff routinely worked over 40 hours in each of her workweeks.

19. Plaintiff did not supervise 2 or more full time employees.

20. Plaintiff's primary job duty did not involve the exercise of discretion and independent judgment in matters of significance affecting the company.

21. Plaintiff's position does not qualify as a professionally exempt position.

22. Plaintiff did not make decisions regarding hiring, firing and disciplinary actions of employees.

23. Plaintiff did not have authority to bind the company to any contract.

24. Plaintiff's primary job duty was to screen applicants and set up job interviews and appointments.

25. Plaintiff had discussions with her superiors about the phone call time she was required to undertake as part of her job duties, and was told to log the hours and she would be paid.

26. After Plaintiff complained, the Defendant re-classified her to EXEMPT

salaried status, and then refused to pay her the overtime wages.

27. Plaintiff subsequently requested payment for the phone call hours, which put her in overtime hours, but Defendant stalled, delayed and ultimately ignored her request.

**DEFENDANT'S VIOLATION OF OVERTIME PROVISIONS OF THE FLSA**

28. Plaintiff readopts and re-alleges the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

29. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. §203(e)(1).

30. Defendant was an employer within the meaning of 29 U.S.C. §203(d).

31. The overtime wage provision set forth in FLSA §207 applies to Defendant, which engages in commerce under the definition of the FLSA.

32. Throughout Plaintiff's employment, she was not paid overtime compensation for all hours worked in excess of forty (40) per week at the required time and one half her regular rate of pay.

33. Defendant compensated Plaintiff as if she were an exempt employee; however, Defendant willfully misclassified her as exempt, and further without any good faith basis under the FLSA for the exempt classification.

34. Defendant is, or should have been, aware of the FLSA overtime wage requirements and Plaintiff's position does not and did not satisfy any exemptions.

35. Defendant willfully and intentionally violated the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) per week at the correct rate of one and one half times her regular rate of pay.

36. Evidence reflecting the precise number of overtime hours worked by Plaintiff and the class of similarly situated employees is in the possession of Defendants. If these records are unavailable, Plaintiff may establish the hours he worked solely by her testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

37. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with §207 and §216(b) of the FLSA.

38. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff such that she is entitled to liquidate damages.

39. Plaintiff, through attorneys, made requests to obtain the overtime wages prior to the lawsuit but received no reply.

WHEREFORE, premises considered, Plaintiff CASSANDRE RILEY reqests that Defendant be summoned to appear and answer herein; she demands judgment against Defendant for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to §216 of the FLSA), and such other and further relief that the Court deems just and proper including an order of Injunction barring the Defendant from continued violations of the FLSA and reclassifying her as non-exempt.

Respectfully submitted,

**PLAINTIFF CASSANDRE RILEY**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:  */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com